

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 8, 1963

Honorable G. F. Steger
County Attorney
Colorado County
Columbus, Texas

Opinion No. C- 175

Re: Whether a county, without
a special tax levy, may
use funds from its general
permanent improvement and/
or road and bridge funds
for the purchase of serv-
ices and materials for
the improving and surfacing
an air strip under stated
facts and related questions.

Dear Mr. Steger:

In your letter of October 28, 1963, you stated the
following factual situation:

"It is proposed that Colorado County
obtain twenty year surface leases on certain
lands for the purpose of constructing there-
on a landing strip for small aircraft at a
cost of approximately $3,000.00; and, after
the construction is completed, to sub-lease
the land to a non-profit corporation for a
nominal rental, which corporation would as-
sume maintenance of the landing strip for
the use of the public. Said corporation will
install and maintain facilities for the use
of the public in compliance with the require-
ments of the Texas Aeronautics Commission.

"In so far as the construction of the
landing strip by Colorado County is concerned
the county does not plan to levy a special
tax therefor, and the item is not covered by
the current or the next budget. No special
district of any kind has been created for the
construction and operation of a landing strip
or airport, and none is planned."

-858-

In regard to this factual situation, you have asked our opinion on the following questions:

(1) "May the county, without a special tax levy, use funds from its general permanent improvement and/or road and bridge funds for the purchase of services and materials for the improving and surfacing of said air strip?

(2) "May the county use manpower and county owned machinery in connection with the improvements?

(3) "May the county lease the airport or air strip when so completed for a nominal annual rental to a private non-profit corporation for operation for use of the general public?"

Our answer to your Question No. 1 is as follows: In Attorney General's Opinion No. O-3142 (1941), it was stated that Article 1269h, Vernon's Civil Statutes, confers authority upon Commissioners Courts of a county to establish and maintain an airport. It is stated in your opinion request that such an item is not provided for by either the current or succeeding budgets. While the County may not make expenditures except in strict compliance with its adopted budget, the Attorney General's office has repeatedly stated that the budget of a county may be amended to meet unforeseen expenditures upon the finding that there exists a "grave public necessity," such finding being a determination of fact for the Commissioners Court of the particular county. Attorney General's Opinion No. O-5053-A (1943).

We are of the opinion, therefore, that Colorado County may expend county funds to construct an airport provided such is included within the County budget by a proper amendment thereto. Buildings and other permanent improvements should be paid for out of the Permanent Improvement Fund; funds for roads and bridges are payable out of the Road and Bridge Fund; and salaries and the like are payable out of the General Fund. Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918).

Our answer to your Question No. 2 is as follows: Counties are authorized to utilize county manpower and equipment for county purposes. The only restriction placed upon the use of county machinery is that the Commissioners Court has no authority, "whether with or without compensation to use or permit to be used county owned equipment upon privately

owned property. . ."  Attorney General's Opinion No. WW-1401 (1962).  We are of the opinion, therefore, that Colorado County is authorized to use manpower and county owned machinery in connection with construction and maintenance of such an airport.

Our answer to your Question No. 3 is as follows: Section 1(D) of Article 1269(h), Vernon's Civil Statutes, provides as follows:

> "(D)--In addition to the power herein granted the Commissioners Courts of the several counties of this State are hereby authorized to lease any airport that has been or may be acquired by the county, as herein provided, to any incorporated city or municipality within such county, or to the Federal Government, or to any other person, firm or corporation for the purpose of maintaining and operating an airport; and providing further that any incorporated city having acquired land for an airport, or an airport, under the authority of this Act shall have the right to lease said land or airport to the county in which such incorporated city is located."

The County is hereby granted by the express words of the statute the power to enter into such a lease.  We are, therefore, of the opinion that Colorado County may lease such an air strip, once completed, to a non-profit corporation.

## S U M M A R Y

Colorado County has the power to expend county funds for the construction of an airport on land leased by the County for such purpose, provided its budget is properly amended; and in the construction of such an airport may use County manpower and machinery in making such improvements.  Once the airport is completed, the County may lease it to a private non-profit corporation for use of the general public at a nominal fee, pursuant to Article 1269h, Vernon's Civil Statutes.

Yours very truly,

WAGGONER CARR
Attorney General

By: Jerry Brock
Assistant

JB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Appleman
Pat Bailey
Cecil Rotsch

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone